UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHELLY BREAUX AND
STEPHEN BREAUX

CIVIL ACTION

VERSUS

NO. 17-1704-BAJ-EWD

RED FROG EVENTS, LLC, ET AL.

## NOTICE AND ORDER

Plaintiffs, Shelley Breaux and Stephen Breaux ("Plaintiffs"), filed a Petition for Damages (the "Petition") in state court for damages allegedly arising out of injuries Plaintiffs sustained when the "Diesel Dome" obstacle Plaintiffs were climbing as part of the "Warrior Dash" collapsed. Plaintiffs named Red Frog Events, LLC ("Red Frog"), North-South Builders, Inc. ("North-South"), and Peterson Builders, Inc. ("Peterson") as defendants. On November 28, 2017, Red Frog filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[1]

It is not apparent from the face of Plaintiffs' Petition that the claims are likely to exceed $75,000.00. In the Petition, Plaintiffs allege that they both "injured their head, hand, neck, back, leg, shoulder, ankle, wrist and bodies as a whole," incurred medical expenses, and have missed work and lost wages.[2] Plaintiffs seek damages for their "pain and suffering, past, present and

---

[1] R. Doc. 1. With respect to the citizenship of the parties, per their Petition, Plaintiff allege they are both domiciled in Louisiana. R. Doc. 1-2, ¶ 1(A) & (B). Red Frog alleges in its Notice of Removal that it "has no reason to dispute this." R. Doc. 1, ¶ 7. With respect to the citizenship of the defendants, Red Frog alleges that its sole member, Joseph Reynolds, is a citizen of Illinois. R. Doc. 1, ¶ 9. Red Frog further alleges that the sole member of Peterson, Christopher Peterson, is a citizen of North Carolina and that North-South is incorporated in North Carolina with its principal place of business in North Carolina. R. Doc. 1, ¶¶ 10-11.

[2] R. Doc. 1-2, ¶¶ 14-16.

1

future, medical expenses, past, present and future, permanent disability and enjoyment of life…."[3] Plaintiffs do not provide further detail regarding their specific injuries, nor the extent of their alleged permanent disability. The Petition does not provide any detail regarding Plaintiffs' medical expenses or lost wages.

Per the Notice of Removal, Red Frog contends that it asked Plaintiffs to identify their specific injuries, and that Mrs. Breaux claims that she sustained "(1) soft tissue injury to her left shoulder, (2) head injury, (3) difficulty sleeping, (4) soft tissue injury to her ankle, and (5) soft tissue injury to her cervical spine."[4] Red Frog asserts that Mr. Breaux claims that he sustained "(1) soft tissue injury to his left shoulder, (2) soft tissue injury to his lumbar spine, (3) soft tissue injury to his left hand, and (4) soft tissue injury to his left wrist."[5] Red Frog also contends that Plaintiffs supplied it "with medical bills that total $5,540.50, which are most likely higher at this point in time."[6] Finally, Red Frog points out in its Notice of Removal that "Red Frog requested that Plaintiffs stipulate to damages of less that $75,000.00 to obviate the need to file this Notice of Removal. Plaintiffs declined, which indicates that they intend to put damages in excess of $75,000.00 into controversy."[7] Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

---

[3] R. Doc. 1-2, ¶ 17.

[4] R. Doc. 1, ¶ 15.

[5] R. Doc. 1, ¶ 16.

[6] R. Doc. 1, ¶ 17. Red Frog also provides citations to various cases purporting to set forth damage awards; however, there is no way for the court to determine whether Plaintiffs herein suffered similar injuries.

[7] R. Doc. 1, ¶ 21. There is no additional information regarding this apparent failure to stipulate, and this Court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis. *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017).

Accordingly,

**IT IS HEREBY ORDERED** that on or before **Monday, April 22, 2019**, Red Frog Events, LLC shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[8]

**IT IS FURTHER ORDERED** that on or before **Thursday, May 2, 2019**, Plaintiffs shall file either: (1) a Notice stating that Plaintiff agrees that Red Frog has established, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[9] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on April 10, 2019.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[8] The undersigned reminds Red Frog that in what appears to be similar cases involving the collapse of the Diesel Dome at the Warrior Dash event, this Court found remand based on the removing defendant's failure to establish the amount in controversy required for federal jurisdiction to be appropriate. *See*, *Sampson v. Red Frog Events, LLC*, Civil Action No. 17-1671, 2018 WL 3966977 (M.D. La. July 17, 2018), *report and recommendation adopted*, 2018 WL 3966264 (M.D. La. Aug. 17, 2018); *West v. Red Frog Events, LLC*, Civil Action No. 17-1640, 2018 WL 4376481 (M.D. La. July 24, 2018), *report and recommendation adopted*, 2018 WL 4373699 (M.D, La, Sept. 13, 2018).

[9] *See*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).